UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHERMAE M. HUGHES, | ) CASE NO. 1:25-cv-1095 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| v. | ) |
| MIDLAND MORTGAGE, | ) **MEMORANDUM OPINION AND** |
| Defendant. | ) **ORDER** |

Shermae M. Hughes, proceeding *pro se*, removed this state foreclosure action from Cuyahoga County Court of Common Pleas to the Northern District of Ohio. (ECF No. 1-7). With her notice of removal, Hughes filed a motion to proceed *in forma pauperis.* (ECF No. 3). That motion is **GRANTED**. For the reasons below, this action is **REMANDED** to the Cuyahoga County Court of Common Pleas.

I. **BACKGROUND**

On March 29, 2024, MidFirst Bank initiated a mortgage foreclosure action against Shermae Hughes, and several other defendants, in the Cuyahoga County Court of Common Pleas relating to the real property located at 9901 Denison Avenue, Cleveland, Ohio ("Property"). Compl., *MidFirst Bank v. Shermae Hughes*, No. CV-24-995190 (Cuyahoga Cnty. Ct. of Comm. Pls. Mar. 29, 2024). On April 4, 2025, a magistrate entered a decision finding that MidFirst Bank was entitled to judgment in its favor and issuing a decree of foreclosure on the Property. Magistrate's Decision, *MidFirst Bank v. Shermae Hughes*, No. CV-24-995190 (Cuyahoga Cnty. Ct. of Comm. Pls. Apr. 3, 2024). On May 8, 2025, the trial court issued a final judgment adopting the magistrate

1

judge's decision and decree of foreclosure. Journal Entry, *MidFirst Bank v. Shermae Hughes*, No. CV-24-995190 (Cuyahoga Cnty. Ct. of Comm. Pls. May 8, 2024).

On May 28, 2025, Hughes filed the instant notice of removal. (ECF No. 1-7). Hughes removed the state foreclosure action (CV-24-995190) from the Cuyahoga County Court of Common Pleas to the Northern District of Ohio pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, citing the Court's federal question jurisdiction. (*Id.* at PageID #10). The same day, Hughes also filed the notice removal in the state foreclosure action. Notice of Removal, *MidFirst Bank v. Shermae Hughes*, No. CV-24-995190 (Cuyahoga Cnty. Ct. of Comm. Pls. May 28, 2025). In the notice of removal, despite being the defendant, Hughes named herself as plaintiff, named plaintiff "Midland Mortgage, a Division of MidFirst Bank" as the defendant, and did not mention the other defendants. (ECF No. 1-7, PageID #1-7).

With the notice of removal, Hughes filed a Verified Emergency Complaint for Injunctive Relief, Breach of Contract, and Violation of Due Process ("Complaint") in this Court against "Midland Mortgage, a division of MidFirst Bank." (ECF. No. 1). The complaint: (i) sets forth allegations relating to the state foreclosure action (issues relating to the relevant negotiable instrument, a bond payment, and the state court's orders); (ii) asserts claims for breach of contract, declaratory relief, violation of due process, and wrongful retention (all relating to the state foreclosure action); and (iii) seeks injunctive relief from the state court's judgment and order of foreclosure. (*Id.* at PageID #1–3). Hughes has also filed: (i) a motion to proceed *in forma pauperis*, (ECF No. 3); (ii) four separate motions seeking an emergency injunctive relief, including halting the state foreclosure action and impending sheriff's sale, (ECF Nos. 2, 5, 7, 9); and (iii) a motion for leave to amend her complaint to add Sheriff Pretel as a defendant, who is the official responsible for conducting sheriff's sales in Cuyahoga County, (ECF No. 8).

2

## II. LEGAL STANDARD

Because federal courts are courts of limited jurisdiction, they "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). A defendant may remove any civil action brought in state court over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). If a district court determines that it lacks subject matter jurisdiction, however, the court must remand the case. 28 U.S.C. § 1447(c).

The party removing a case bears the burden of establishing jurisdiction. *Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). Because removal jurisdiction implicates federalism concerns, removal statutes are strictly construed and "all doubts should be resolved against removal." *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)). Any ambiguity regarding the scope of the removal statutes and all doubts as to whether removal is proper should be resolved in favor of remand to the state courts. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Diversity of citizenship applies to cases in which the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). Federal question jurisdiction provides

district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under 28 U.S.C. § 1331, federal question jurisdiction exists "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc.*, 482 U.S. at 392. In other words, an action arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (citation omitted). It is well settled that a defendant cannot remove a case to federal court solely on the basis of federal counterclaims or defenses. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 650 (1986); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002)).

### III. DISCUSSION

The Court finds that the Court lacks jurisdiction over this action, removal was improper, and remand to state court is required. First, there is no basis for federal question jurisdiction in this action. MidFirst Bank's state foreclosure action relies exclusively upon state law and does not contain a federal cause of action. *See* Compl., *MidFirst Bank v. Shermae Hughes*, No. CV-24-995190 (Cuyahoga Cnty. Ct. of Comm. Pls. Mar. 29, 2024). State foreclosure actions such as this do not require the resolution of an "actually disputed and substantial" federal question and do not provide a basis for federal question jurisdiction. *See Chase Manhattan Mortg. Corp.*, 507 F.3d at 914 (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)). Moreover, although Hughes asserts federal claims in her Complaint, those claims amount to federal counterclaims, which do not provide a basis for removal

4

of this action under federal question jurisdiction. *See Chase Manhattan Mortgage Corp.*, 507 F.3d at 914–15; *Holmes Group, Inc.*, 535 U.S. at 831; *see also Cuyahoga Metro. Hous. Auth. v. Wylie*, No. 1:17-cv-1857, 2017 U.S. Dist. LEXIS 214855, at *3 (N.D. Ohio Oct. 30, 2017) ("Thus, even if Defendant intends to argue counterclaims or defenses based on federal causes of action, those federal claims do not provide a reasonable basis for removal.").

Although not specifically cited as a basis for removal, the notice of removal states that this case "also qualifies" under diversity jurisdiction because Hughes "resides in Ohio and [MidFirst Bank's] principal office is located in another state, and the amount in controversy exceeds $75,000." (ECF No. 1-7, PageID #10). First, these allegations are insufficient to establish diversity jurisdiction over this action because: (i) the notice of removal does not provide citizenship allegations for the other defendants and parties who are part of this action, *see* Compl., *MidFirst Bank v. Shermae Hughes*, No. CV-24-995190 (Cuyahoga Cnty. Ct. of Comm. Pls. Mar. 29, 2024); (ii) allegations of Hughes's residence are insufficient to establish her citizenship, *see Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019); and (iii) the allegations are insufficient to establish the citizenship of MidFirst Bank, as a corporation's citizenship is based on its primary place of business *and* state of incorporation, *see Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992). Despite having the burden to establish diversity jurisdiction, Hughes has not demonstrated that removal would be proper under § 1332. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996) ("Removing defendants bear the burden of establishing federal subject-matter jurisdiction."); *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Nahid Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) ("[T]he party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships. This means that a plaintiff (or a defendant in a removal action) must fully allege the citizenship of each party." (internal

5

citation omitted)).  That said, even if the Court had diversity jurisdiction over this action, removal and maintaining jurisdiction over this action would still be improper.[1]

Hughes's counterclaims and removal of this case are essentially an attempt to seek review of the state court's final judgment in favor of MidFirst Bank and its prior detrimental rulings against Hughes.  Removal is improper because this Court lacks jurisdiction to hear Hughes's challenges to her state court foreclosure action.  "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings."  *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)).  "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."  *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013).

To the extent that the state foreclosure action was considered pending before removal, all three factors supporting abstention are present.  Housing matters implicate important state interests, *see Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 996–97 (6th Cir. 2003), and

---

[1] There are also several procedural errors with the removal of this case.  First, Hughes does not appear to have acquired the joining in or consent of all defendants in this action, as required under statute.  28 U.S.C. § 1446(b)(2)(A).  Second, the removal runs afoul of the forum defendant rule, which states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Because Hughes appears to be a citizen of Ohio, it is procedurally improper to remove this action solely on the basis of diversity jurisdiction.  Despite these procedural defects, the Court cannot *sua sponte* remand based on these defects because they are non-jurisdictional and do not affect the Court's subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).  In unpublished decisions, the Sixth Circuit has repeatedly held that the forum defendant rule is a procedural defect.  *See, e.g.*, *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012) ("[W]e have held that § 1441(b)(2) is non-jurisdictional and must be raised by the plaintiff in a motion to remand."); *RFF Fam. P'ship, LP v Wasserman*, 316 F. App'x 410, 411–12 (6th Cir. 2009) ("The forum defendant provision is a procedural removal requirement that is waived if it is not raised by a timely motion to remand" )(citing *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979)).

Hughes has not demonstrated that she could not raise any federal concerns she has regarding the lawfulness of the foreclosure in the context of the current state proceedings—specifically on appeal. *See Szarell v. Summit Cnty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 U.S. Dist. LEXIS 142061, at *5-6 (N.D. Ohio Aug. 21, 2019) (finding that the third factor of *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Alternatively, the Court also lacks jurisdiction over this action under the *Rooker-Feldman* doctrine, which "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks omitted). "[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19-cv-192, 2021 U.S. Dist. LEXIS 104359, at *5 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States."). A plaintiff cannot seek to reverse the outcome of a state court foreclosure or eviction proceeding before a federal district court. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of a plaintiff's claims resting on premise that state foreclosure judgment was invalid); *Higgs*, 2021 U.S. Dist. LEXIS 104359, at *5 (same for a state eviction proceeding). Notably, the Sixth Circuit has held that *Rooker-Feldman* abstention does not require a state court judgment to have been finalized after the exhaustion of all appeal rights. *See RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 393–96 (6th Cir. 2021); *see also T.M. v. Univ. of Md. Med. Sys. Corp.*, 139

7

F.4th 344, 353–54 (4th Cir. 2025) (adopting the same approach); *Parker Law Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021) ("Even so, that an appeal is pending in the New York state courts does not mean that a federal district court has jurisdiction to consider a parallel appeal. This court, like other circuits, has concluded that *Rooker-Feldman* applies to state court judgments that are not yet final.").

Here, the state court had issued a final judgment and decree of foreclosure before Hughes removed the case to federal court. Hughes has also filed a notice of appeal to the Ohio Court of Appeals that remains pending. Because Hughes seeks to undue the state court's final judgment in the underlying state foreclosure proceeding, she is essentially seeking a de facto appeal of state court decisions in federal district court. Thus, even if Hughes could generally establish federal question or diversity jurisdiction over this action, as well as a proper removal, the Court would still lack jurisdiction over this action under the *Rooker-Feldman* doctrine and must remand the case to the Cuyahoga County Court of Common Pleas.[2]

### III. CONCLUSION

For the foregoing reasons, this case is hereby **REMANDED** to the Cuyahoga County Court of Common Pleas.[3] The Court further **CERTIFIES,** pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision cannot be taken in good faith.

**IT IS SO ORDERED.**

Date: August 20, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

---

[2] The Court further notes that if Hughes's Complaint were not considered a countercomplaint and treated as a stand-alone action, the Court would alternatively dismiss the Complaint for lack of jurisdiction under the *Younger* and *Rooker-Feldman* doctrines for the same reasons that the Court is remanding the case for lack of jurisdiction.

[3] And given the Court's determination that it lacks jurisdiction over this action and the counterclaims under the *Younger* and *Rooker-Feldman* doctrines, Hughes's various pending motions (ECF Nos. 2, 5, 7, 8, 9) are **DENIED WITHOUT PREJUDICE**.